UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SABRINA M. WILLIAMS,<br><br>        Plaintiff,<br><br>v.<br><br>RAYTHEON,<br><br>        Defendant. | No.  23-cv-11824-DJC |

**REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS[1]**

CABELL, U.S.M.J.

I. **INTRODUCTION**

   Pro se plaintiff Sabrina M. Williams has brought an action against her former employer, Raytheon,[2] for allegedly discriminating against her during her employment and then wrongfully terminating her.  The defendant contends that the plaintiff has failed to exhaust her administrative remedies; that her claims are moreover time-barred; and moves for judgment on the pleadings on those grounds.  (D. 32).  For the reasons explained

---

[1] The defendant's motion is captioned as a motion to dismiss the complaint, but the motion itself indicates that it is made pursuant to Federal Rule of Civil Procedure 12(c), (D. 32), and the memorandum in support of the motion discusses the legal standard applicable to motions for judgment on the pleadings, (D. 23, p. 5).  Accordingly, the court treats the motion as being filed pursuant to Rule 12(c).

[2] The defendant asserts that "Raytheon" is not a legal entity and that it should properly be referred to as RTX Corporation, which was previously Raytheon Technologies Corporation.  (D. 23, p. 1 n.1).

below, the court recommends that the motion for judgment be granted in part and denied in part.

**II.    RELEVANT BACKGROUND**

Raytheon employed Williams as a Quality Engineer from December 2015 to March 2019. (D. 1-1, Complaint and State Court Record, pp. 5-6). Williams alleges that Raytheon mistreated her during her employment in several ways.

First, her manager failed to inquire into her work-life balance or provide scheduling accommodations to allow her to care for her young child. (*Id.*).

Second, Raytheon did not accommodate Williams's religious beliefs, which prevented Williams from working on Saturdays. (*Id.* at p. 6). Specifically in this regard, she alleges that she was disadvantaged compared to other employees, who were able to work Saturdays to make up time they missed during the week.

Third, Williams was not made to feel accepted as the only African American woman in her section. (*Id.*).

Fourth, Raytheon failed to grant Williams's requests for open promotions and lateral transfers for which she applied, even though she was qualified to fill those positions. (*Id.*).

Finally, and ultimately, Raytheon falsely accused Williams of mischarging her labor and terminated her employment in March 2019. (*Id.* at p. 5).³

Williams began her efforts to seek legal redress from the Raytheon by filing an action in the Small Claims Section of Lawrence District Court on March 28, 2022. (*Id.*). That court informed Williams that the action was improperly filed there and needed to be filed in Superior Court, and subsequently entered a judgment of dismissal on May 31, 2022. (*Id.*; Judgment, *Williams, Sabrina v. Raytheon Techs.*, No. 2218SC000467 (Mass. Dist. Ct. May 31, 2022)).⁴

Williams then began this action by filing suit in Lawrence Superior Court on June 16, 2023; Raytheon thereafter timely removed the case to this court. (D. 1, Notice of Removal; D. 1-1, p. 5). Among other things, Williams seeks damages of $252,000, apparently

---

³ The complaint does not specify the exact date on which Raytheon terminated Williams's employment, allegedly because Raytheon had not informed Williams of the date. (D. 36, Plaintiff's Motion to Respond to the Defendant's Motion to Dismiss, p. 1). At the hearing on the motion for judgment, which the plaintiff did not attend, counsel for Raytheon represented to the court that Williams's employment ended on March 30, 2019.

⁴ The court may consider the contents of the docket from the prior action both because the plaintiff incorporates the docket by reference into her complaint and because the docket is an official public record. *See Rivera v. Kress Stores of P.R., Inc.*, 30 F.4th 98, 102 (1st Cir. 2022) (on a motion to dismiss, district court may consider documents incorporated by reference in the complaint); *Newman v. Lehman Brothers Holdings Inc.*, 901 F.3d 19, 25 (1st Cir. 2018) (quoting *Freeman v. Town of Hudson*, 714 F.3d 29, 35 (1st Cir. 2013)) (court may consider "official public records" when ruling on motion to dismiss); *see also Kando v. R.I. State Bd. of Elections*, 880 F.3d 53, 58 (1st Cir. 2018) (applying these principles to motion for judgment on the pleadings).

as missed wages for the time between her termination from Raytheon and the start of her next full-time employment. (D. 1-1, p. 6).

Raytheon answered the complaint on August 16, 2023, asserting among other affirmative defenses that the plaintiff's claims are barred by applicable statutes of limitations, and she failed to exhaust her administrative remedies before filing suit. (D. 8). Raytheon filed the instant motion for judgment on November 15, 2023. (D. 32). Williams appears to have filed three oppositions to the Raytheon's motion for judgment. (D. 36, 37, 38).[5]

On February 12, 2024, the court convened a hearing on the defendant's motion. Counsel for the defendant appeared but the plaintiff did not appear. The court chose not to hear argument in the plaintiff's absence but did indicate that it would proceed to consider the defendant's motion based on the parties' written arguments. (D. 58).

### III. LEGAL STANDARD

"A motion for judgment on the pleadings bears a strong family resemblance to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), and these two types of motions are treated in much the same way." *Kando v. R.I. State Bd. Of Elections*, 880 F.3d 53, 58 (1st Cir. 2018). As such, the familiar standard governing motions to dismiss applies here.

---

[5] Raytheon filed a reply brief in support of its motion on November 21, 2023, and Williams filed a sur-reply on January 11, 2024. (D. 40, 51). The court has also considered these filings.

To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also McEntee v. Beth Israel Lahey Health, Inc.*, --- F. Supp. 3d ---, 2023 WL 4907617, at *2 (D. Mass. 2023) (complaint must state a claim that is "actionable as a matter of law"). A claim is facially plausible if, after accepting as true all non-conclusory factual allegations, the court can draw the reasonable inference that the defendants are liable for the misconduct alleged. *Ocasio-Hernandez v. Fortuna-Burset*, 640 F.3d 1, 12 (1st Cir. 2011).

The normal standards for a motion to dismiss are relaxed somewhat when evaluating a pro se plaintiff's complaint. "A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citation omitted) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "However, pro se status does not insulate a party from complying with procedural and substantive law." *Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997) (citing *Eagle Eye Fishing Corp. v. United States Dep't of Com.*, 20 F.3d 503, 506 (1st Cir. 1994)).

Where, as here, the movant seeks dismissal based on an affirmative defense, "the facts establishing the defense must: (1) be 'definitively ascertainable from the complaint and other allowable sources of information,' and (2) 'suffice to establish the affirmative defense with certitude.'" *Gray v. Evercore Restructuring L.L.C.*, 544 F.3d 320, 324 (1st Cir. 2008) (quoting *Nisselson v. Lernout*, 469 F.3d 143, 150 (1st Cir. 2006). Dismissal based on a statute of limitations defense is appropriate "when the pleader's allegations 'leave no doubt that an asserted claim is time-barred.'" *Gorelik v. Costin*, 605 F.3d 118, 121 (1st Cir. 2010) (quoting *LaChapelle v. Berkshire Life Ins. Co.*, 142 F.3d 507, 509 (1st Cir. 1998)).

## IV.  DISCUSSION

While the complaint clearly conveys the plaintiff's allegation that Raytheon treated her unfairly, it does not clearly identify what specific claims she purports to assert. That said, the court agrees with Raytheon that the complaint may be fairly read to assert three claims for: (1) employment discrimination under Title VII; (2) employment discrimination under M.G.L. c. 151B; and (3) wrongful discharge in violation of public policy under Massachusetts common law.

The plaintiff does not appear to disagree with this characterization of the complaint as far as it goes, but she asserts through her oppositions that the defendant has also

6

committed multiple criminal offenses, including gross fraud or cheat at common law in violation of M.G.L. c. 266, § 76; larceny, in violation of M.G.L. c. 266, § 30; and violation of a person's constitutional rights, in violation of M.G.L. c. 265, § 37.

These state criminal statutes, though, do not provide a basis for relief here for at least three reasons.  First, the complaint itself does not anywhere mention or refer to or plead a violation of these statutes.  Second, even if it did, the complaint does not allege any facts to suggest that the defendant violated any of the referenced criminal statutes.  Finally, even if it did, it would be unavailing here because these criminal statutes do not provide for a private cause of action; that is, they do not permit an individual to sue another person or company for violating them. *See Lundgren v. Universal Wilde*, 384 F. Supp. 3d 134, 136 (D. Mass. 2019) ("[I]t is well-settled that criminal statutes do not provide a private cause of action[.]"); *see also Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) ("Generally, a private citizen has no authority to initiate a federal criminal prosecution."). Consequently, the criminal statutes the plaintiff cites are not applicable to this civil lawsuit.

With that groundwork laid, the court will consider whether, as the defendant argues, the plaintiff's claims are barred by her alleged failure to exhaust administrative remedies or the applicable statutes of limitations.  The court will also address

whether, as the plaintiff argues in her opposition, the Massachusetts Savings Statute saves any late-filed claims.

### A.   Title VII

Title VII of the Civil Rights Act of 1964 prohibits employers from discriminating based on race, color, religion, sex, or national origin.  42 U.S.C. § 2000e-2(a).  An aggrieved individual who wishes to sue an employer for discrimination under this statute must first file a complaint with the Equal Employment Opportunity Commission ("EEOC") "within one hundred and eighty days after the alleged unlawful employment practice occurred[.]"  42 U.S.C. § 2000e-5(e)(1).  This period is enlarged to 300 days if the aggrieved individual first files a complaint with a state or local agency.  *Id.*  Failure to file a complaint with the EEOC within the designated period "effectively bars the courthouse door" to that individual.  *Jorge v. Rumsfeld*, 404 F.3d 556, 564 (1st Cir. 2005).

The defendant argues that the plaintiff failed to file a complaint with the EEOC and therefore is foreclosed from obtaining any relief under Title VII relating to her employment with Raytheon.  The defendant's assertion is not based on documentary evidence or the plaintiff's admission, but rather on the absence of any indication in the complaint (or the plaintiff's multiple oppositions) that the plaintiff did file such a complaint.

Assuming Raytheon's suspicion is correct, the plaintiff's Title VII claim would appropriately be subject to dismissal for

8

failure to exhaust administrative remedies. *Jorge*, 404 F.3d at 564. However, "failure to exhaust administrative remedies is an affirmative defense that [the] defendant bears the burden of pleading and proving." *Fisher v. Town of Orange*, 885 F. Supp. 2d 468, 478 (D. Mass. 2012) (citing *Owens v. West*, 182 F. Supp. 2d 180, 190 (D. Mass. 2001)). At this stage, the plaintiff's failure to file an administrative complaint is not "definitively ascertainable" from the complaint (which says nothing about the EEOC), nor can it be established with certitude. *See* Gray, 544 F.3d at 324. Thus, judgment is not appropriate based on the plaintiff's alleged failure to file an administrative complaint.

To be sure, the defendant argues that even assuming the plaintiff did file an administrative complaint with the EEOC, her Title VII claim should be deemed untimely because it is highly unlikely she brought this action within 90 days of receiving notice of a right to sue. As noted above, a would-be plaintiff must file an administrative complaint with the EEOC within either 180 or 300 days of the alleged discrimination. Once the EEOC dismisses a complaint, or once 180 days have passed since the filing of the complaint without the EEOC acting on it, the EEOC shall so notify the aggrieved individual. 42 U.S.C. § 2000e-5(f)(1). Upon receiving that notice, the aggrieved individual has 90 days to file a civil action against the employer. *Id.* The failure to

initiate a suit within that 90-day period bars the individual from relief under Title VII. *Jorge*, 404 F.3d at 564.

The complaint alleges that the defendants discriminated against the plaintiff during her employment, with the relevant conduct necessarily ending no later than March 2019, when the defendant terminated the plaintiff's employment. Assuming the more generous 300-day initial filing period would have applied here, the plaintiff would have needed to file a complaint with the EEOC by January 24, 2020. That in turn means the 180-day agency review period would have elapsed around July 22, 2020. At that time, the EEOC would have issued a right-to-sue letter to the plaintiff, which means she would have then needed to commence this action within the next 90 days, by around mid-October 2020. That demonstrably did not happen where the plaintiff did not file this action until June 16, 2023, almost three years later.

Against this backdrop, it seems very unlikely that the plaintiff's complaint is timely. Indeed, for the plaintiff's June 16, 2023, filing to be timely, it means she would have had to receive a right-to-sue letter from the EEOC no earlier than March 18, 2023, (i.e., 90 days prior to June 16, 2023) even though the 180-day agency review period would have elapsed almost three years before that, on or around July 22, 2020. Still, while there is little reason to think that the EEOC delayed sending the plaintiff a right-to-sue letter for nearly three years, the record in this

10

case is still undeveloped on this point. Consequently, the court is unable to find that the complaint (which, again, is silent on the matter) "leaves no doubt" that such a delay did not occur, *Gorelik*, 605 F.3d at 121.

Judgment therefore is not appropriate on the Title VII claim at this juncture.

### B.   M.G.L. c. 151B

M.G.L. c. 151B (Chapter 151B) is Massachusetts's state law analogue to Title VII. Chapter 151B prohibits employers from discriminating against individuals (including employees) based on several categories including, as relevant here, race and religious creed. M.G.L. c. 151B, § 4(1). It similarly prohibits employers from requiring an individual to violate or forego the practice of her religion in some fashion to obtain or retain employment. M.G.L. c. 151B, § 4(1A).

Like Title VII, Chapter 151B requires an aggrieved individual to file a complaint with the Massachusetts Commission Against Discrimination ("MCAD") within 300 days of the alleged act of discrimination. M.G.L. c. 151B, § 5. Unlike Title VII, however, even if an aggrieved individual complies with the MCAD requirement, the state statute requires that one file a civil action "not later than three years after the alleged unlawful practice occurred." M.G.L. c. 151B, § 9.

As discussed above, the latest act of discrimination the plaintiff alleges is her termination, which occurred in March 2019. She did not file this action until June 2023, over four years after her termination and clearly "later than three years after the alleged unlawful practice occurred." *Id.* Consequently, the plaintiff is time-barred from asserting any claim against the defendant under Chapter 151B. Judgment for the defendant is thus appropriate on this claim.

C.  **Wrongful Discharge in Violation of Public Policy**

In addition to Chapter 151B, Massachusetts recognizes a common-law cause of action for wrongful discharge if the discharge "violates a clearly established public policy." *Edwards v. Commonwealth*, 174 N.E. 1153, 1163 (Mass. 2021). Where, as here, a claim of common-law wrongful discharge in violation of public policy overlaps significantly with conduct prohibited by Chapter 151B, the same requirement to submit an administrative complaint to the MCAD applies. *Ryan v. Holie Donut, Inc.*, 977 N.E.2d 64, 70 (Mass. App. Ct. 2012). And, as with other torts under Massachusetts law, wrongful discharge is subject to a three-year statute of limitations. M.G.L. c. 260, § 2A.

As is clear by now, the plaintiff commenced this action more than four years after the defendant terminated her employment. It follows that her claim of wrongful discharge in violation of public policy is well beyond the three-year statute of limitations, and

12

therefore fails. *See, e.g.*, *Lanier v. President and Fellows of Harvard Coll.*, 191 N.E.3d 1063, 1080 (Mass. 2022) (affirming dismissal of claims filed five years after causes of action accrued).

### D. Massachusetts Savings Statute

Finally, the plaintiff urges the court to find that the Massachusetts Savings Statute and her previous suit in Lawrence District Court combine to save her otherwise untimely state law claims. As a reminder, the plaintiff initiated the state small claims suit on March 28, 2022, almost exactly three years after Raytheon terminated her employment. As of that date, the plaintiff's claims under Chapter 151B and Massachusetts common law still would have been timely, notwithstanding the applicable MCAD reporting requirements. The court then dismissed that suit on May 31, 2022, because the plaintiff had filed it in the wrong court.

The Massachusetts Savings Statute "allow[s] the refiling of a suit after the limitations period, provided the suit had been timely commenced previously and certain additional conditions have been met." *Cannonball Fund, Ltd. V. Dutchess Cap. Mgmt., LLC*, 993 N.E.2d 350, 360 (Mass. App. Ct. 2013). The statute provides, in relevant part that:

> If an action duly commenced within the time limited in this chapter is dismissed for insufficient service of process by reason of an unavoidable accident or of a default or neglect of the officer to whom such process is committed or is dismissed because of the death of a

> party or for any matter of form, . . . the plaintiff or any person claiming under him may commence a new action for the same cause within one year after the dismissal or other determination of the original action[.]

M.G.L. c. 260, § 32.  "Involuntary dismissal for lack of jurisdiction is dismissal 'for a matter of form' within the meaning of the savings statute."  *Cannonball Fund*, 993 N.E.2d at 362-63; *see Loomer v. Dionne*, 155 N.E.2d 411, 414 (Mass. 1959) (finding dismissal due to plaintiff's mistaken filing of suit in the wrong court was dismissal for a matter of form).

There is no dispute that the plaintiff timely filed her first suit in Lawrence District Court.  The dismissal of that suit was for a "matter of form," and thus covered by the savings statute, because it was due to the plaintiff's erroneous filing of the suit in the wrong court.  *See Loomer*, 155 N.E.2d at 414.  Even so, the savings statute would only have helped the plaintiff if she had filed the current suit "within one year after the dismissal" of the suit in Lawrence District Court.  M.G.L. c. 260, § 32.  That did not happen here.  The state court dismissed the previous suit on May 31, 2022, and the plaintiff filed this suit on June 16, 2023, more than a year later.  That delay puts this action beyond the ambit of the savings statute and renders it inapplicable here.

14

## V.   CONCLUSION and RECOMMENDATION

For the foregoing reasons, the court recommends that the defendant's motion for judgment on the pleadings be GRANTED with respect to the plaintiff's Chapter 151B and wrongful discharge claims but DENIED with respect to the plaintiff's Title VII claim. Assuming this recommendation is adopted, the court would further recommend that the parties' initial discovery efforts be limited to determining (1) whether and when the plaintiff filed a complaint with the EEOC, and (2) whether and when she thereafter received a notice of a right to sue.[6]

/s/ Donald L. Cabell
DONALD L. CABELL, U.S.M.J.

DATED:  March 22, 2024

---

[6] The parties are hereby advised that under the provisions of Federal Rule of Civil Procedure 72(b), any party who objects to this recommendation must file specific written objections thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation.  The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made and the basis for such objections.  The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation.  See Keating v. Secretary of Health and Human Servs., 848 F.2d 271 (1st Cir. 1988); United States v. Emiliano Valencia-Copete, 792 F.2d 4 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980); United States v. Vega, 678 F.2d 376, 378-379 (1st Cir. 1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); see also Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L.Ed.2d 435 (1985).